## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAD CARSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | |
| ) | **No. 04-2507-CM** |
| **BANK OF BLUE VALLEY, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ————————————————— ) | |

## MEMORANDUM AND ORDER

Pending before the court is plaintiffs' Submission of Agreed-Upon Proposed Collective Action Notice and Request for Additional Limited Briefing (Doc. 26).

**I.     Background**

On October 12, 2004, plaintiffs Chad Carson, Mary Norann Hensley, Howard Keck, Cindy Kezele, Mary Ann Kezele, Jim Lamm, Barbara Markert, Brian McClay, Steven McDermott, Charles Mehi, Richard Niday, William Padgett, Kimberly Shuey, Susan Torres, Jill Underwood, and Tracy Vinzant, individually and on behalf of all others similarly situated, brought suit against defendant for violations under the Fair Labor Standards Act (" FLSA"), 29 U.S.C. § 201 *et seq*.  Several other plaintiffs have since joined the suit.  The parties stipulated that a court-approved collective action would be issued and began jointly drafting the notice.  Plaintiffs allege that the parties reached agreement on the form and substance of the notice on February 11, 2005, with the exception of one sentence: "If the Defendant prevails, you may be liable to Defendant for its costs."  Defendant wanted this language included in the notice, while plaintiffs opposed its inclusion.  Plaintiffs further allege that the parties agreed to a briefing schedule regarding the remaining issue in dispute.

On February 15, 2005, Brian J. Finucane and his co-counsel entered their appearance on behalf of defendant.  The same day, plaintiffs filed the instant motion.  The next day, defendant's former counsel withdrew from the case.

Mr. Finucane disagrees with much of the language previously agreed upon by plaintiffs' counsel and defendant's former counsel.  Upon learning this fact, plaintiffs' counsel informed Mr. Finucane that plaintiffs were disinclined to renegotiate because an agreement had already been reached between themselves and defendant's former counsel.  Thus, plaintiffs' instant motion essentially requests that the court approve the previously agreed-upon portions of the proposed notice, and order briefing on the one remaining issue.  Aside from arguing that the court should not bind defendant's new counsel to parties' previous negotiations, defendant also filed Defendant's Brief in Opposition to Plaintiffs [sic] Proposed Collective Action Notice (Doc. 32), which outlines each of defendant's objections to the previously negotiated proposed notice.  Plaintiffs have not responded to this motion.

## II.    Analysis

As a preliminary matter, the court finds that even prior to defendant's former counsel withdrawing and new counsel entering their appearance, the previously agreed-upon portions of the parties' proposed collective action notice were not binding on the court.  The court has the authority to approve or disapprove a proposed collective action notice.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("We hold that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs").

More importantly, however, the court finds that defendant is entitled to new counsel, who, in turn, are entitled to participate in negotiations regarding the stipulated notice, even if doing so delays negotiations.

-2-

The court understands that plaintiffs are inconvenienced by this stance.  However, defendant's right to participate in negotiations surrounding the collective action notice outweighs plaintiffs' inconvenience. Therefore, the court denies plaintiffs' request for approval of the previously agreed upon portions of the proposed notice.

The court also finds that it is premature to address each of defendant's specific objections because it appears that the parties' current counsel have not yet negotiated regarding a proposed notice.  Plaintiffs stated that they are "disinclined" to reestablish negotiations with defendant's new counsel, and plaintiffs chose not to respond to defendant's objections.  The court orders the parties to renew negotiations and agree on as many terms of a proposed notice as possible.

In an effort to further negotiations, the court hereby orders a new briefing schedule.  After the parties confer, plaintiffs shall file a proposed collective action notice within fifteen (15) days of this Memorandum and Order.  Thereafter, defendant has ten (10) days to file objections, and plaintiffs have an additional ten (10) days to reply.

**IT IS THEREFORE ORDERED** that plaintiffs' Submission of Agreed-Upon Proposed Collective Action Notice and Request for Additional Limited Briefing (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that the parties' counsel resume negotiations in an effort to draft a stipulated collective action notice.

**IT IS FURTHER ORDERED** that if any outstanding issues remain after negotiations, the parties shall comply with the aforementioned briefing schedule.

Dated this 19th day of September 2005, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**